1

2

3                                                    **O**

4                                              NO JS-6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  NETJETS SERVICES, INC., a      )  Case No. CV 12-06869 DDP (JCGx)
    Delaware corporation;          )
12  MARQUIS JET PARTNERS, INC.,    )
    a Delaware corporation,        )
13                                 )  **ORDER GRANTING DEFENDANT'S MOTION**
                       Plaintiffs, )  **TO DISMISS IN PART AND DENYING IN**
14                                 )  **PART**
         v.                        )
15                                 )
    WILLIAM PAPARIELLA, an         )
16  individual,                    )
                                   )  [Dkt. No. 29]
17                     Defendant.  )
    _____)

18

19       Presently before the court is Defendant William Papariella's

20  Motion to Dismiss.  Having considered the submissions of the

21  parties, the court grants the motion and adopts the following

22  order.

23  **I.   Background**

24       Plaintiff NetJets Inc. ("NetJets") operates a fractional jet

25  ownership program, through which participants purchase shares of a

26  private aircraft.  (First Amended Complaint "FAC" ¶ .)  Plaintiff

27  Marquis Jet Partners, Inc. ("Marquis") sells blocks of prepaid

28  flight time on NetJets planes.  (Id. ¶ 8.)

1    Prior to June 3, 2011, Defendant was a Marquis employee, and

2    had access to confidential customer information. (Id. ¶¶ 13, 14.)

3    Defendant signed a confidentiality agreement, which listed NetJets

4    as a third part beneficiary. (Id. ¶ 13, Ex. A at 4.)

5    Plaintiffs allege that Defendant transferred NetJets' and

6    Marquis' confidential information to his own personal e-mail

7    accounts and electronic devices. (Id. ¶¶ 14, 15.) Defendant also

8    sold competitors' services to Marquis' customers, sometimes without

9    those customers' knowledge. (Id. ¶¶ 16, 17.) On June 3, 2011,

10   Defendant resigned from Marquis and went to work for a competitor,

11   Centennial. (Id. ¶ 14.)

12   Plaintiffs now bring four causes of action against Defendant

13   for 1) breach of duty of loyalty, 2) breach of contract, 3)

14   "intentional interference with existing and prospective economic

15   advantage," and 4) unfair competition in violation of California

16   Business and Professions Code § 17200. Papariella now moves to

17   dismiss all claims brought by Plaintiff NetJets Services, Inc. and

18   to dismiss the second claim for breach of duty of loyalty and third

19   claim for intentional interference with existing and prospective

20   economic advantage as to all Plaintiffs.

21   **II.  Legal Standard**

22   A complaint will survive a motion to dismiss when it contains

23   "sufficient factual matter, accepted as true, to state a claim to

24   relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

25   662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

26   570 (2007)). When considering a Rule 12(b)(6) motion, a court must

27   "accept as true all allegations of material fact and must construe

28   those facts in the light most favorable to the plaintiff." Resnick

2

1  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint

2  need not include "detailed factual allegations," it must offer

3  "more than an unadorned, the-defendant-unlawfully-harmed-me

4  accusation."  <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or

5  allegations that are no more than a statement of a legal conclusion

6  "are not entitled to the assumption of truth." <u>Id.</u> at 679.   In

7  other words, a pleading that merely offers "labels and

8  conclusions," a "formulaic recitation of the elements," or "naked

9  assertions" will not be sufficient to state a claim upon which

10  relief can be granted.  <u>Id.</u> at 678 (citations and internal

11  quotation marks omitted).

12      "When there are well-pleaded factual allegations, a court should

13  assume their veracity and then determine whether they plausibly

14  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs

15  must allege "plausible grounds to infer" that their claims rise

16  "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

17  "Determining whether a complaint states a plausible claim for

18  relief" is a "context-specific task that requires the reviewing

19  court to draw on its judicial experience and common sense."  <u>Iqbal</u>,

20  556 U.S. at 679.

21  **III. Discussion**

22      A.  Plaintiff Netjets Services, Inc.

23      There are three Plaintiffs in this action: Netjets, Marquis,

24  and Netjets Services, Inc. ("Netjets Services"). The First Amended

25  Complaint, however, makes virtually no reference to any

26  relationship between Defendant and Netjets Services.  The FAC

27  alleges that Netjets Services is a Delaware Corporation with a

28  principal place of business in Ohio.  (FAC ¶ 3.)  The FAC also

1   alleges that in a state court proceeding, Defendant alleged that he
2   was a Netjets Services employee.  (FAC ¶ 9.)  Beyond that, the FAC
3   states no facts regarding Netjets Services.  Nevertheless, the FAC
4   proceeds to allege causes of action either on behalf of Netjets
5   Services or on behalf of unspecified and undifferentiated
6   "Plaintiffs."

7       Defendant argues that because the FAC alleges no facts
8   whatsoever regarding any relationship between himself and Netjets
9   Services, all claims brought by Netjets Services should be
10  dismissed.  Defendants argue, in response, that Netjets Services
11  need not plead facts integral to their claims because such facts
12  can be inferred from other filings.  (Opp. at 10.)

13      Plaintiffs' arguments have no merit.  The FAC's first cause of
14  action alleges that Defendant breached a duty of loyalty to his
15  employers, NetJets Services and Marquis, yet nowhere alleges that
16  Defendant was ever employed by Netjets Services.  Though the FAC
17  does refer to allegations in a state court proceeding, it proceeds
18  to allege that Defendant "was employed by Marquis until he resigned
19  . . . ."  (FAC ¶14.)

20      Plaintiffs also argue that Netjets Services' Breach of
21  Contract is sufficiently pled, even though the FAC makes no
22  allegation that Defendant entered into any contract with Netjets
23  Services nor alleges that Netjets Services was a beneficiary of any
24  agreement entered into by Defendant.  (Opp. at 10.)  The FAC
25  alleges that Defendant entered into a confidentiality agreement
26  that identified Netjets, not Netjets Services, as an intended third
27  party beneficiary.  (FAC ¶ 13.)  Plaintiffs do not dispute that the
28  FAC's breach of contract claim makes no mention of Netjets

Services.   Instead, Plaintiffs argue that because their
Certification of Interested Parties identifies a relationship
between Netjets Services and Netjets, "it must also be conceded
that Netjets Services is an affiliate of its parent corporation,
Netjets," and that they need not include specific factual
allegations about Netjets Services in their complaint (Opp. at 11.)
Plaintiffs are mistaken.   Iqbal, 556 U.S. at 678 ([A] complaint
must contain sufficient factual matter, accepted as true, to state
a claim that is plausible on its face.") (emphasis added) (internal
quotation and citation omitted).   Because the FAC does not allege
any facts regarding Netjets Services, all claims brought by
Plaintiff Netjets Services are dismissed, with leave to amend.

> B.   Breach of Duty of Loyalty to Marquis

> The FAC alleges that Defendant occupied a "position of trust
and confidence" as a sales executive for Marquis, and that
Defendant therefore had a fiduciary duty and duty of loyalty to
Marquis.  (FAC ¶ 20.)  The FAC alleges that Defendant breached that
duty of loyalty by diverting sales away from Marquis,
misappropriating confidential information, and poaching Marquis
employees.  (FAC ¶ 22.)  Though Defendant initially moved to
dismiss the breach of duty loyalty claim as to Netjets Services and
Marquis, Defendant appears to have abandoned his arguments with
respect to Marquis.  (Reply at 3-5, 11.)  The Motion to Dismiss
Plaintiff Marquis' Breach of Duty of Loyalty claim is, therefore,
denied.

> C.   Intentional Interference with Existing and Prospective
>      Economic Advantage

1   Plaintiffs bring a third cause of action for "intentional

2  interference with existing and prospective economic advantage."

3  The torts of intentional interference with contract and intentional

4  interference with prospective economic advantage are, however,

5  distinct.  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th

6  1134, 1157 (2003).  The court therefore addresses each claim

7  separately.  <u>See</u> Fed. R. Civ. P. 8(d)(2).

8           1.  Intentional Interference with Contract

9   A claim for intentional interference with contractual

10  relations requires "(1) a valid contract between plaintiff and a

11  third party; (2) defendant's knowledge of this contract; (3)

12  defendant's intentional acts designed to induce a bread or

13  disruption of the contractual relationship; (4) actual breach or

14  disruption . . ., and (5) resulting damage."  <u>Quelimane Co., Inc.</u>

15  <u>v. Stewart Title Guaranty Co.</u>, 19 Cal.4th 77, 55 (1998).  Defendant

16  argues that the FAC fails to allege any facts regarding Plaintiffs'

17  contracts with third parties.  (Mot. at 14.)

18   A complaint must provide a defendant with "some facts

19  surrounding the type or nature of the 'contracts' their conduct

20  allegedly interfered with."  <u>AccuImage Diagnostics Corp. v.</u>

21  <u>Terarecon, Inc.</u>, 260 F.Supp.2d 941, 956 (N.D. Cal. 941).

22  The FAC alleges that Plaintiffs "provide . . . fractional owners

23  with private aircraft" and "offers . . . a prepaid lease offering

24  25 hours of occupied flight time . . . ."  (FAC ¶¶ 7-8.)

25  Plaintiffs argue that because "Defendant was employed by

26  Plaintiffs, he is well aware and on notice of the nature of the

27  contacts between Plaintiffs and their customers . . . ."  (Opp. at

28  13.)

1    Plaintiffs' allegations are insufficient.  Perhaps as a result
2  of the third cause of action's conflation of two distinct claims,
3  the FAC does not identify any existing contract.  Part of this
4  failure stems from the FAC's imprecision in referring to
5  "Plaintiffs," collectively.  As explained above, none of the claims
6  brought on behalf of Plaintiff Netjets Services are viable.  It is
7  unclear from the FAC whether remaining Plaintiff Marquis or Netjets
8  is alleged to have entered into a contract with some third party,
9  though references to "Redirected Restricted Marquis Customer[s]"
10  suggests the former.  These references, however, apply to alleged
11  "economic relationship[s] between Plaintiffs and their customers
12  that likely would have resulted in an economic relationship to
13  Plaintiffs."[1]  Thus, even though the FAC does generally identify
14  "prepaid lease" and "fractional ownership" business arrangements,
15  those allegations alone do not adequately identify the existing
16  contracts allegedly disrupted.

17                    2.    Intentional Interference with Prospective
18                          Economic Advantage
19       The elements of this tort are similar, but not identical to
20  those of an intentional interference with contract claim.
21  Interference with prospective economic advantage requires "(1) an
22  economic relationship between the plaintiff and some third party,
23  with the probability of future economic benefit to the plaintiff;
24  (2) the defendant's knowledge of the relationship; (3) intentional
25  acts on the part of the defendant designed to disrupt the

26  _____

27       [1] As discussed below, this language is more applicable to
28  claims for intentional interference with prospective economic
    advantage than interference with contract.

relationship; (4) actual disruption of the relationship; and (5) economic harm . . . ."  Korea Supply, 29 Cal.4th at 1153 (internal quotation and citations omitted).  To satisfy the third element, a plaintiff must plead some intentional wrongful act other than the interference itself.  Id. at 1154.  In other respects, however, an interference with prospective economic advantage is broader than a claim for interference with contract, in that the former claim does not depend upon the existence of a valid contract.  Id. at 1157-58.

The FAC alleges that an economic relationship between Plaintiffs and "Redirected Restricted Marquis Customer[s]" "likely would have resulted in an economic benefit to Plaintiffs."  (FAC ¶ 32.)   The FAC further states that Defendant interfered with this likely benefit by selling flights and services to competitors in breach of his duty of loyalty.  (FAC ¶ 33.)  These allegations satisfy the first three elements of an interference with prospective advantage claim.  See Ikon Office Solutions, Inc. V. Rezente, No. CIV. 10-1704 WBS, 2011 WL 1402882 at *4-5 (E.D. Cal. Apr. 13, 2011).  The FAC also alleges that Defendant actually did disrupt Marquis' business relationships by booking Restricted Marquis Customers on competitors' planes, and that Marquis lost revenue as a result.[2]  (FAC ¶¶ 32, 34-35.)  Marquis' claim for intentional interference with prospective economic advantage is, therefore, adequately pled.

**IV.  Conclusion**

---

[2] Plaintiff again uses the term "Plaintiffs," collectively, as does this portion of Defendant's Reply.  It appears, however, that only Plaintiff Marquis had any prospective business relationships with Restricted Marquis Customers.  As described above, the FAC does not allege any specific facts regarding Netjets Services.

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. All claims brought by Plaintiff Netjets Services are DISMISSED, with leave to amend. Plaintiffs' claim for intentional interference with contractual relations is also DISMISSED with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this order.[3]

IT IS SO ORDERED.

Dated: May 28, 2013

DEAN D. PREGERSON
United States District Judge

---

[3] Though Plaintiffs' conflation of their interference with contract claim and interference with prospective advantage claim is not in and of itself fatal to either claim, Plaintiffs may wish to separate any such amended claims in the interest of clarity.